IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY,

         Plaintiff,                    12cv1431
                                        **ELECTRONICALLY FILED**

         v.

ERWIN LO, M.D., SUE JIN YU, M.D.,

         Defendants.

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion for Summary Judgment in this breach of contract case. Doc. no. 5. Defendants filed a Brief in Opposition to the Motion (doc. no. 15), Plaintiff filed a Reply to the Brief in opposition (doc. no. 18), and Defendants filed a Sur-Reply. Doc. no. 23. The matter is now ripe for adjudication and for the reasons that follow, the Plaintiff's Motion will be denied.

**I. Standard of Review**

A Court must grant summary judgment, "if the movant shows that there is no genuine dispute as to any material fact and [if] the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). This determination requires that we view the facts in the light most favorable to the nonmovant and draw all inferences in her favor. *Stratechuck v. Bd. of Educ., S. Orange–Maplewood Sch. Dist.*, 587 F.3d 597, 603 (3d Cir. 2009).

A fact is material if it "might affect the outcome of the suit under the governing law," and the dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Olivieri v. County of Bucks*, 2012 WL 5235684, *4 (3d Cir. 2012), *citing*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*, citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586.  The non-moving party must go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law.  It is on this standard that the Court has reviewed the Plaintiff's Summary Judgment Motion and the Defendants' Response.

## II.  Background – Material Facts

The following facts are uncontested, unless otherwise indicated, and relevant to the disposition of the pending Motion for Summary Judgment filed by Plaintiff.[1]

---

[1] The Court notes that there are very few facts upon which Defendants and Plaintiff agree. Importantly, the parties disagree as to the characterization of the funds that Defendants "borrowed" from Plaintiff.

Plaintiff filed this lawsuit seeking damages for breach of contract and declaratory judgment seeking damages and attorneys' fees allegedly arising from Defendants' breach of two agreements with Plaintiff.  See Plaintiff's Complaint at doc. no. 1, ¶ 1, and Defendants' Answer and Counterclaims to Complaint at doc. no. 14, ¶ 1.  Plaintiff is purportedly a licensed insurance company (although this fact is not admitted by Defendants), which was organized and exists under the laws of Saint Lucia.  Doc. no. 1, ¶ 2, and doc. no. 14, ¶ 2.  Defendants are Texas residents, husband and wife, medical doctors, and maintain a medical practice in Texas.  Doc. no. 1, ¶ 3, and doc. no. 14, ¶ 3.  (See also Plaintiff's Statement of Undisputed Material Facts at doc. no. 6, ¶ 2, and Defendants' Response to Plaintiff's Statement of Undisputed Material Facts at doc. no. 15-2, ¶ 2.)

Plaintiff claims that as part of its "investment program of its general reserves," it offers "to make collateralized commercial loans to qualified applicants."  Doc. no. 1, ¶ 7, and doc. no. 14, ¶ 7.  Defendants deny that Plaintiff gave them a "commercial loan" and deny that they were guarantors on a "commercial loan"; rather, Defendants counter that Plaintiff actually marketed and sold a tax-advantaged insurance program which involved the "loanback" to Defendants of a portion of the money they paid to Plaintiff to establish a "reserve account."  Doc. no. 14, ¶ 7.  Put another way, Defendants claim that Plaintiff encouraged Defendants to "borrow back" a portion of the funds Plaintiff previously paid to Defendants to establish a reserve account.  Doc. nos. 6, ¶ 3, and 15-2, ¶ 3.

Regardless of how the documents at issue are characterized (*i.e.,* as either "loan" or "borrow back" documents), Plaintiff attached them to its Complaint.  See doc. nos. 1-1 through 1-8.  Importantly, these documents appear to have been executed by Defendants.  Id.

It is these documents which form the basis for Plaintiff's breach of contract claim and for its request for declaratory judgment.   Defendants filed counterclaims suggesting that these documents, while seemingly contractual in nature, cannot bind the parties for various reasons.

## III.  Discussion

In Pennsylvania the "only grounds upon which equity will permit rescission of an executed contract are fraud, mistake, failure of consideration, and quia timet*." Umbelina v. Adams*, 34 A.3d 151, 158-59 (Pa. Super. 2011), quoting *New–Com Corp. v. Estate of Gaffney*, 72 B.R. 90, 93–94 (Bankr. W.D. Pa. 1987) (citing *Windle v. Crescent Pipe–Line Company*, 186 Pa. 224, 40 A. 310 (1898); *Hays v. Hays*, 179 Pa. 277, 36 A. 311 (1897); *Delamater's Estate*, 1 Whart. 362 (1836)).

The Court recognizes that the Pennsylvania Supreme Court has limited a party's ability to rescind an executed contract so that "in the absence of fraud or imposition a purchaser will not be entitled to a recission of the contract[.]" *Namy v. Black*, 80 A.2d 744, 746 (Pa. 1951).  Under Pennsylvania law, executed contracts cannot be rescinded or annulled in the absence of showing fraud or mistake, simply because a party found the contract to be burdensome or a financial failure.  *New–Com Corp.*, 72 B.R. at 94 (citing *Pennsylvania R. Co. v. Pennsylvania–Ohio Electric Co.*, 296 Pa. 40, 48, 145 A. 686, 688 (1929); *Bittenbender v. Bittenbender*, 185 Pa. 135, 39 A. 838 (1898)) (remarking that a debtor should not be allowed to rescind a consummated contract "simply because the deal was not the financial success anticipated").

Count I of Plaintiff's Complaint alleges that Defendants breached a contract with Plaintiff.  See doc. no. 1, ¶¶ 29-34.  Plaintiff's Brief in Support of its Motion for Summary Judgment contends that this Court can rule as a matter of law that documents attached to the

Complaint (doc. nos. 1-1 through 1-8), prove that a contract existed which contained all essential

terms. Doc. no. 7, p. 2. Plaintiff further contends that there is indisputable evidence that

Defendants defaulted on repayment and thus, breached the contract, resulting in Plaintiff's

damages. Id.

There appears to be no dispute among the parties that Plaintiff provided two lump sum

payments to Defendants – regardless of whether the funds Defendants received from Plaintiff are

characterized as commercial loans or "borrow backs" under a tax-advantaged insurance program

used to establish insurance reserves. See Defendants' Answer, doc. no. 14 ¶ 8; see also, doc. no.

15-2, ¶¶ 4, 19, and doc. no. 23, pp. 2-3. There is also evidence that Defendants signed

documents pertaining to the funds they received from Plaintiff. See Exhibits to Complaint

bearing signature of Defendant A-1 through A-4 and B-1 through B-4, doc. nos. 1-1 through 1-8.

However, Defendants' Answer and Counterclaims to Plaintiff's Complaint includes

affirmative defenses suggesting that Plaintiff's breach of contract claim is barred: (1) by the

doctrine of illegality, (2) because Plaintiff may have violated the Racketeer Influenced and

Corrupt Organization Act, and (3) because Plaintiff procured the "loan" or "borrow back"

documents via fraud. Doc. no. 14, p. 10. Defendants' counterclaims include the following

claims: fraud, illegality, and breach of fiduciary duty.[2] Id., pp. 21-26. Defendants seek an

accounting, rescission, declaratory judgment, and other damages.[3] Id., pp. 26-28, 30.

---

[2] Defendants also asserted counterclaims for breach of contract, conversion, violation of
Pennsylvania's Unfair Trade Practice and Consumer Protection Law, and violation of
Pennsylvania's Uniform Commercial Code. Doc. no. 14, pp. 28-30.

[3] The Court notes that under Pennsylvania law, the doctrine of election of remedies prohibits a
party from seeking inconsistent relief; a party alleging he has been defrauded in a contract must
choose whether to seek rescission of the contract or to seek damages under the contract. See
*Schwartz v. Rockey*, 932 A.2d 885, 889 (Pa. 2007); see also, *Umbelina v. Adams*, 34 A.3d 151,
157 (Pa.Super. 2011) (The party's election to seek one of the remedies effectively precludes

Defendants also contend, *inter alia*, that evidence, specifically declarations submitted by Defendants Lo and Yu, supports their affirmative defenses of illegality and rescission.  See Defendants' Sur-Reply Brief, doc. no. 23, p. 2.  Defendants Lo and Yu have submitted declarations suggesting that Plaintiff: (1) fraudulently induced Defendants into (a) signing the documents attached to Plaintiff's Complaint, and/or (b) accepting funds from Plaintiff, thereby causing Plaintiff to enter into an agreement; and/or (2) made false representations, engaged in "wrongdoing" and "improper conduct" pertaining to the execution of the agreement.  See Defendants' Brief in Opposition, doc. no. 15, p. 9.

These declarations were proffered by Defendants (the nonmovants) in opposition to Plaintiff's Motion for Summary Judgment.[4]  These declarations suggest that the "loan" or "borrow back" documents cannot be viewed in a vacuum.  They claim that these documents were tied to what Defendants call the "Bancroft Program."  Defendants claim that the Bancroft

---

further claims on the other inconsistent remedy: appellants may not maintain at the same time in separate counts of one action, or in two different suits, claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand. These remedies are essentially inconsistent.).  Here, whether Defendants counterclaims seek more than one form of remedy, is an issue for another day and will not be discussed any further herein.

[4] Rule 56 of the Federal Rules of Civil Procedure states in pertinent part:

(c) Procedures.

\*       \*       \*

 (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Here, Plaintiff did not contend in its reply brief that the declarations filed by Defendants were <u>not</u> based on personal knowledge, or set out facts that would be inadmissible, and/or showed that the affiants were incompetent to testify on the matters.

Program is "a massive, fraudulent, offshore abusive tax shelter insurance scheme." Doc. No. 23, p. 3.

Thus, Defendants declarations provide facts, which, if proven, call into question to the validity (and possibly the legality) of the "loan" or "borrow back" documents attached to the Complaint and at the heart of Plaintiff's Motion for Summary Judgment. Defendants contend that summary judgment is inappropriate here because there is a factual dispute as to whether statements made and/or actions taken by Plaintiff constituted fraud and because the "loan documents" attached to the Complaint are so inextricably intertwined or connected to the Bancroft Program as a whole, that discovery on this point is necessary to aid a fact finder. Defendants' Sur Reply Brief, doc. no. 23, p. 3.

As noted above, under Pennsylvania law, fraud is a basis for rescission of a contract. Accordingly, although Defendants may have a difficult burden of proof concerning their entitlement to rescission of the contract(s), Plaintiff's Motion for Judgment will be denied as premature so that discovery related to Plaintiff's alleged fraud and illegality can be conducted.

Given that this Court has determined that it is proper to allow discovery on the fraud and illegality issues raised by Defendants' Counterclaims and as attested to by Defendants Lo and Yu in their declarations, it is likewise premature to grant Plaintiff's Motion for Summary Judgment as to Count II of the Complaint. Therein, Plaintiff seeks a declaration that Defendants are in default of the "loan" or "borrow back" documents (contracts) attached to the Complaint. Again, Defendants are entitled to attempt to obtain evidence through the discovery process to prove their counterclaims for fraud and/or illegality which could ultimately lead to the rescission of those contracts. As such, Plaintiff's Motion for Summary Judgment as to Count II is likewise premature.

**IV. Conclusion**

Plaintiff's Motion for Summary Judgment will be denied as premature.  An appropriate

Order of Court follows.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel