IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY,

    Plaintiff/Counterclaim Defendant,          12cv1431

                                          **ELECTRONICALLY FILED**

        v.

ERWIN LO, M.D., SUE JIN YU, M.D.,

    Defendants/Counterclaim Plaintiffs.

**MEMORANDUM OPINION
REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION OF A PRIOR
COURT ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS (DOC. NO. 60)**

    Before the Court is Plaintiff/Counterclaim Defendant's ("Bancroft") Motion for

Reconsideration of this Court's Memorandum Opinion and Order (doc. nos. 56 and 57) denying

Bancroft's Motion to Dismiss Defendants/Counterclaim Plaintiffs' ("Defendants")

Counterclaims or Alternatively, Summary Judgment.  See Doc. No. 60.  Defendants filed a

Response to the Motion for Reconsideration objecting to same.  Doc. No. 63.  Bancroft requested

leave to file a Reply to Defendants' Response, which this Court agreed to allow, and Bancroft

filed same.  Doc. No. 66.  Thus, the matter is now ripe for adjudication.

I.      **Standard of Review**

    The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence.  *Howard Hess Dental Laboratories Inc. v. Dentsply*

*Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985).  Generally, a Motion for Reconsideration will only be granted on one of the

following three grounds: (1) if there has been an intervening change in controlling law; (2) if

new evidence, which was not previously available, has become available; or (3) if it is necessary

to correct a clear error of law or to prevent manifest injustice.  See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration "is a device of limited utility."  *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001).  A motion for reconsideration may not merely restyle or rehash issues previously presented.  *Id.*; see also *City of Johnstown v. Vora*, 481 Fed. Appx. 37, 38 (3d Cir. 2012) (denial of reconsideration appropriate where plaintiff did not identify any of the three factors in her motion, but "merely rehashed arguments that were presented in her previous filings"); *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of  "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration"); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly."  *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009) (internal quotation and citation omitted).

**II.      Discussion**

Turning to the three bases upon which a Motion for Reconsideration may be granted, Bancroft argues, primarily, that this Court made clear errors of law causing manifest injustice to Bancroft; and secondarily, that new evidence, not previously available, has come to light.  Doc. No. 61, p. 2.  This Court disagrees with Bancroft and will therefore deny its Motion to Reconsider as more fully explained below.

**A. "Clear Error of Law"**

Although "clear error of law" has not been expressly defined by the United States Court of Appeals for the Third Circuit, other United States Courts of Appeals and District Courts across the United States agree that its definition – at least in the context of a Rule 59(e) Motion[1] – "should conform to a very exacting standard."  See, *i.e., Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000); *Oneida Indian Nation of New York v. County of Oneida*, 214 F.R.D. 83, 98 (N.D. N.Y. 2003); *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 422 (D. D.C. 2005); and *Esparaza v. Telerx Marketing,* case no. EP-04-CA-0241-FM, 2005 WL 1514046 (W.D. Tex. June 21, 2005).   In one case, when determining if a final judgment was clearly erroneous, the United States Court of Appeals for the Seventh Circuit defined clear error as a judgment which is simply "dead wrong."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Within the ambit of the Third Circuit, one Pennsylvania District Court has defined "clear error of law" in the negative as follows:  "It is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a

---

[1] The Court recognizes Bancroft's argument set forth in its Reply Brief with regard to the standard that this Court may utilize when deciding whether it should reconsider its prior Order (doc. no. 57).  See doc. no. 66, pp. 1-2.  Given the nature of Bancroft's prior requests (doc. no. 25), and the Court's disposition of those requests in its prior Order (doc. no. 57), procedurally, Bancroft was and is not foreclosed from re-raising any of those requests at a later point in this litigation.

ruling." *Wilkerson v. Samuels,* no. 3:12-cv-1462, 2012 WL 7145714 at *2 (M.D. Pa. December 13, 2012).

### 1.    "Clear Error of Law" – Counts III through V and VII through X; Forum Selection Clause

Bancroft's Motion for Reconsideration indicates that this Court "made clear errors of law" which warrant reconsideration because its prior Opinion (doc. no. 56) "repeatedly reference[d] only the counterclaims for fraud (Count I) and illegality (Count II), and fail[ed] to discuss any of the remaining counterclaims with respect to Bancroft's forum selection clause and standing arguments." Doc. no. 61, p. 3. Bancroft also contends that this "Court's apparent failure to consider" its "law of the case" and "lack of standing arguments[,]" with respect to Counts III through V and VII through X constitutes "clear error." Id., pp. 2-3.

Bancroft's first premise is that this Court essentially failed to address arguments it raised with respect to seven counterclaims, specifically Counts III – V and VII - X.[2] This is incorrect.

This Court clearly acknowledged in its prior Opinion that Bancroft filed a 12(b)(3) Motion for improper venue as to Counts I through V and VII through X, as well as a 12(b)(6) Motion. The Court specifically stated on the first page of its Opinion as follows:

> [Bancroft] also moved this Court to alternatively consider its Motion to Dismiss for improper venue under 12(b)(3) as a Motion to Dismiss for improper forum selection under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Plaintiff further suggests that a 12(b)(6) Motion to Dismiss for improper forum selection should be converted to a Rule 56 Motion. These arguments are noted, but for the reasons stated, *infra.*, the Motion will be denied.

Doc. no. 56, p. 1, n.1.

---

[2] Defendants' counterclaims were enumerated as follows: Count I – Fraud; Count II - Illegality; Count III – Breach of Fiduciary Duty; Count IV – Demand for an Accounting; Count V – Rescission; Count VI – Declaratory Judgment; Count VII – Breach of Contract, Failure to Return . . . Value; Count VIII – Conversion, Failure to Return . . . Value; Count IX – [Violation of Pennsylvania's] Unfair Trade Practices and Consumer Protection Law; and Count X – Violation of Pennsylvania's Uniform Commercial Code.

In this Court's prior Opinion, the Court noted that Bancroft's Brief in Support of its Motion to Dismiss contended that Counts I through V and VII though X of Defendants' Counterclaims had to be severed from the instant case and refiled in St. Lucia due to a forum selection clause found in an agreement referenced as a "Group Master Policy."  Id., p. 5 (Bancroft "primarily contends that Saint Lucia . . . is the proper venue for Defendants' Counterclaims because of a forum selection clause, 'found in the Group Master Policy.'"); see also, doc. no. 26, p. 4.  The Court then recited the law supplied by Bancroft in support its contentions, and summarized Defendants' argument against application of the St. Lucia forum selection clause.  Doc. no. 56, p. 6.

Next, the Court noted that Bancroft failed to attach this "Group Master Policy" containing the St. Lucia forum selection clause to its Complaint, and concluded that the "Group Master Policy" was not the subject of Bancroft's breach of contract claim against Defendants. Id., p. 8.  The Court then held that "Defendants' Counterclaims for fraud and illegality [Counts I and II] brought all logically related claims pertaining to the contract(s) which was/were attached to the Complaint into a single litigation."  Id. at p. 8.  The very next portion of the Opinion reads reads:

> Accordingly, the Court finds that Defendants' Counterclaims were compulsory with respect to Plaintiff's breach of contract claims, and call into question the validity and/or binding effect of the documents which were attached to Plaintiff's Complaint.  The Court further finds that it is not extending federal jurisdiction or venue in this regard.  Therefore, the Court finds that this is one basis upon which the Court must deny Plaintiff's 12(b)(3) Motion to Dismiss Defendants' Counterclaims for improper venue.

Id.

To the extent that the Court was not clear in its prior Opinion, this Court declined to grant Bancroft's Motion to dismiss any of Defendants' Counterclaims predicated upon a forum

selection clause set forth in a (purported) contractual document which Bancroft failed to attach to

its Complaint, and failed to allege formed the basis of Bancroft's breach of contract claim against

Defendants.

Accordingly, Bancroft's Motion for Reconsideration contending that the Court's prior

Opinion and Order (doc. nos. 56 and 57) denying their Motion to Dismiss Defendants'

Counterclaims set forth in Counts III through V and VII through X was clearly erroneous shall

be denied.  The Court finds that Bancroft's disagreement with its prior Opinion and Order does

not translate into the type of error of law which justifies reconsideration of a ruling under any

reconsideration standard.

### 2.    "Clear Error of Law" – Compulsory Counterclaim

Bancroft claimed this Court erred by holding that Defendants' Counterclaims were more

properly brought in this action in accordance with Fed.R.Civ.P. 13, as opposed to being severed

and brought in St. Lucia – again pursuant to the forum selection clause set forth in the "Group

Master Policy," a purported contract which Bancroft failed to attach to its Complaint and failed

to allege was the subject of (or even implicated in) its original lawsuit against Defendants.  Doc.

no. 61, p. 3.  Bancroft cited numerous cases in support of its argument that the forum selection

clause found in this unattached and unreferenced "Group Master Policy" document would trump

Fed.R.Civ.P. 13.  Id., pp. 3-8.  The Defendants also cited law in support of the Court's prior

decision that their Counterclaims were properly brought in this forum and made part of this

lawsuit.  Doc. no. 63, pp. 3-8.

The prior Opinion of this Court specifically noted that forum selection clauses are to be

afforded "great weight" and are "presumptively valid."  Doc. no. 56, p. 5.  However, as this

Court stated in its prior Opinion (doc. no. 56) and has reiterated in this Opinion, Bancroft failed

to allege that the purportedly contractual document containing the St. Lucia forum selection

clause was breached by Defendants.  Accordingly, this Court's reliance upon Fed.R.Civ.P. 13, as

stated in its prior Opinion, does not extend federal jurisdiction or venue, nor did the Court hold

that Fed.R.Civ.P. 13 "trumps" the St. Lucia forum selection clause, because no contract

containing a St. Lucia forum selection clause is presently at issue in this case.  See doc. 56, p. 8

("The court further finds that it is not extending federal jurisdiction or venue in this regard.").

Thus, the Court finds no error of law which justifies reconsideration of this ruling.

### 3.      "Clear Error of Law" – Law of the Case

Bancroft next claims the Court committed clear error of law by concluding that the law of

the case doctrine allowed Defendants to "avoid the operation of the forum selection clause."

Doc. no. 61, p. 8.  This was not the conclusion the Court reached in its prior Opinion and Order.

As stated above, as well as in its prior Opinion, the Court concluded that the St. Lucia

forum selection clause did not apply to Defendants' Counterclaims because Bancroft's

Complaint failed to allege a breach with respect to the alleged contract which contained the St.

Lucia forum selection clause.  Again, as noted throughout this Opinion and in the Court's prior

Opinion, the alleged contract containing a St. Lucia forum selection clause was not even attached

to the Complaint nor made the subject of Bancroft's breach of contract claim against Defendants.

The Court's prior Opinion also discussed the law of the case doctrine with respect to the

Defendants' fraud and illegality counterclaims.  Specifically, the Court noted that it had

previously heard argument from both sides as to whether Defendants' allegations of fraud and

illegality could defeat Bancroft's previously filed Motion for Summary Judgment with respect to

the alleged breach of the documents which were attached to Bancroft's Complaint.  Doc. no. 56,

p. 9.  None of the documents attached to Bancroft's Complaint were the "Group Master Policy" and none contained a St. Lucia forum selection clause.

Because fraud and illegality were the two primary issues raised by Defendants and formed a legitimate basis upon which to defeat Bancroft's Motion for Summary Judgment, which requested judgment predicated upon the allegations in its Complaint and the documents attached to its Complaint, the Court discussed them in its Memorandum Opinion denying Bancroft's Motion for Summary Judgment (doc. no. 33).  See doc. no. 56, p. 9.  Accordingly, the Court's prior decision and opinions with respect to the impact of these two issues, fraud and illegality, became law of the case – again, only insofar as the alleged contract(s) at issue, meaning the alleged contract(s) attached to Bancroft's Complaint.

Therefore, the Court finds no error of law which justifies reconsideration of this ruling.

### 4. "Clear Error of Law" – Standing

Bancroft also contends that this Court "committed clear error of law by misapprehending the standard" applicable to Bancroft's Motion to Dismiss Defendants' Counterclaims for lack of standing.  Doc. no. 61, p. 13.  Bancroft claims, *inter alia*, that this Court failed to consider its standing argument under a Fed.R.Civ.P. 56 standard, and only considered it under a 12(b)(6) standard.  Additionally, Bancroft argues that the portion of the Court's prior Opinion only addressed Counts I and II of Defendants' Counterclaims (fraud and illegality).

The Court concurs with Bancroft that it adjudged Bancroft's standing argument upon a 12(b)(6) standard, and found that with respect to Defendants' fraud and illegality Counterclaims, Defendants met that standard.  The Court further concurs that Bancroft did indeed argue that under a summary judgment standard, all of Defendants' Counterclaims should be dismissed for lack of standing.  However, the Court also notes that Bancroft's Motion for Summary Judgment

8

was filed as an alternative to its 12(b)(6) Motion to Dismiss.  Thus, the Court concludes it did not

err in ruling under the 12(b)(6) standard; however, it did not specifically address the Rule 56

standard, nor did it specifically reference any counterclaim other than the fraud and illegality

counterclaims.

In re-reviewing Bancroft's prior argument (doc. nos. 26, pp. 14-15) and Defendants' prior

response on the standing argument (doc. no. 35, pp. 13-15), it is clear to this Court that Bancroft

predicated its Summary Judgment Motion upon the "Group Master Policy," and not the

documents it actually attached to its Complaint as "contract" documents.  As noted by the Court

in its prior Opinion (doc. no. 56), the alleged contract documents attached to Bancroft's

Complaint bear the signatures of the individually named Defendants, but those documents do not

include the "Group Master Policy."  Accordingly, as the Court has repeatedly noted in both this

Opinion and its prior Opinion (doc. no. 56), the "Group Master Policy" does not appear to form

the basis for Bancroft's breach of contract claim nor the Defendants' Counterclaims, and thus,

any standing argument asserted predicated upon a purported contractual document not at issue is

of no moment.

With this minor clarification, the Court finds no error of law which justifies

reconsideration of its ruling with respect to standing.

### B. "New Evidence"

Finally, in passing, Bancroft suggests that Defendants' discovery requests demonstrate

the insurance-based nature of their counterclaims and thus, constitutes "new evidence" which

was not previously available.  Doc. no. 61, p. 2.  New evidence for purposes of a "Motion for

Reconsideration" is defined as: "[E]vidence that a party could not earlier submit to the court

because that evidence was not previously available[;]" and evidence "that is not newly

discovered, as so defined, cannot provide the basis for a successful motion for reconsideration."

*Harsco*, 779 F.2d at 909.

The Court finds that discovery requests do not constitute "evidence."  Accordingly, the

Court finds there is no basis for Bancroft's Motion for Reconsideration with respect to "new

evidence."

**III.  Conclusion**

Based on the forgoing law and authority, Plaintiff/Counterclaim Defendant's Motion for

Reconsideration (doc. no. 60) will be denied.[3]  An appropriate Order will accompany this

Opinion.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel

---

[3] Because the Court finds that this Motion for Reconsideration (doc. no. 60) is frivolous, the Court orders that counsel for Bancroft (Plaintiff) should not charge its client any attorneys' fees and costs related thereto.