IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY,

    Plaintiff,

    v.

ERWIN LO, M.D., SUE JIN YU, M.D.,

    Defendants.

12cv1431
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION AND ORDER**
**RE: PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' AMENDED**
**DESIGNATIONS FROM THE DEPOSITION OF JOHN PATTON (DOC. NO. 248)**

Before the Court are Bancroft's Objections to Defendants' Amended Designations from the Deposition of John Patton (doc. no. 248), Defendants' Responses to those Objections (doc. no. 261), and Bancroft's Reply to Defendants' Responses (doc. no. 260). These evidentiary matters are now ripe for adjudication.

**I. Prior Court Order (Doc. No. 229)**

As a preliminary matter, the Court notes that it has entered one previous Order (doc. no. 229) which relates to the deposition designations of John Patton and impacts the following Objections currently before the Court.[1]

In Court Order No. 229, at item no. 6, this Court denied Defendants' Motion *in Limine* to Exclude Deposition Testimony of John Patton in Part (doc. no. 185). As set forth in Bancroft's Brief in Support of its Motion *in Limine* to Exclude Deposition Testimony of John Patton in Part (doc. no. 186), Bancroft argued (*inter alia*) that the alleged Patton designations to which it was objecting were primarily being offered by Defendants in support of the following:

---

[1] This Order (doc. no. 229) issued the Court's rulings on several Motions *in Limine* filed by both Plaintiff and Defendants, and not just on the Motions *in Limine* related to John Patton's deposition designations.

> . . . [1] that commission payments made by American Residential Equities XXVII, LLC ("ARE 27") to another company in which Bancroft directors Philip Sigel and Bradley Barros had an ownership interest in 2004 in exchange for Bancroft's making loans of its reserves to ARE 27 is somehow improper and/or constitutes an illegal "kickback"; [2] that Bancroft's write-down of reserves as a result of ARE 27's default on its indebtedness to Bancroft and the decrease in value of the underlying collateral during the height of the real estate market downturn was somehow fraudulent, illegal, or improper; [3] that Bancroft director Philip Sigel has inappropriately charged personal expenses to the pooled Premium Lite reserves allocable to certificate holders such as SYJEL (as opposed to Bancroft's shareholder equity or against profit distributions); [4] that Bancroft was accepting premiums from certificate holders prior to June 11, 2003 (in spite of Bancroft's own bank statements conclusively proving the opposite); and [5] that Bancroft was somehow involved in a scheme to "defraud" certificate holders who had initially applied for coverage from Boston Life & Annuity, Ltd. through ABG."

Doc. no. 186, pp 2-3. Accordingly, by denying Bancroft's Motion *in Limine* in this regard, the Court deemed that this type of objected-to Patton testimony could be heard by the jury.

Next, the same Court Order (doc. no. 229) ruled upon Bancroft's Motion *in Limine* to Exclude Improper Opinion Testimony (doc. no. 181). Bancroft's Motion *in Limine* and its Brief in Support (doc. nos. 181-182) primarily attempted to exclude opinion testimony of witnesses who were not testifying as experts in this case.

Bancroft's Brief in Support of this Motion *in Limine*, in subsection "C." specifically addressed a portion of John Patton's testimony. The specific portion of Mr. Patton's testimony to which Bancroft objected (which was quoted in Bancroft's Brief as well as attached as an exhibit) reads as follows:

BY MR. FRIEDMAN:

Q. Mr. Patton, do you have an understanding of the term "kickback"?
A. Sure. As a general rule, yeah. I'm an attorney, so I know about kickbacks. I know about self-dealing.
A. And how would you characterize the $480,000 commission that Mr. Barros and Mr. Sigel took in exchange for placing $20 million with ARE 27?

> MR. SCHWARTZ: Objection.
>
> A. Very much the same as accepting commissions on life insurance that was bought by Bancroft on its – on its insureds when they purchased a life insurance policy, called it reinsurance and pocketed the – those commissions. It's self-dealing. . . . . You're going to pay a premium. You're going to pay expenses, but you're also going to be credited with interest to your reserve account and you have a potential to get that money back, then you owe the duty, and to breach that duty and deal in kickbacks and self-dealing, it's my humble opinion as an attorney that that's wrong.
>
> Q. And if—
>
> MR. SCHWARTZ: Move to strike the answer. Improper conclusion. Speculation. Rank argument. Improper opinion. No foundation, and I Object to the characterization.

Doc. no. 182. pp. 4-5, and Ex. D (doc. no. 182-4).

As mentioned above, the Court granted in part and denied in part Bancroft's Motion *in Limine* to Exclude Improper Opinion Testimony (doc. no. 181). Relevant to the pending Objections before the Court, the Court held as follows:

> 4. Plaintiff's Motion in Limine to Exclude Improper Opinion Testimony (doc. no. 181) is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff's seek to preclude Mr. Bendure's expert insurance opinions, that request is DENIED. However, testimony proffered by Mr. Bendure, or any other expert or lay witness, concerning any legal conclusion (such as "agency" or "self-dealing," by way of example) is GRANTED.

Doc. no. 229.

Thus, to be clear, the net effect of the Court's Order at doc. no. 229 allowed Mr. Patton to testify regarding:

(1) commission payments which were made by ARE 27 to another company in which Bancroft directors, Philip Sigel and Bradley Barros, had an ownership interest, in exchange for Bancroft's making loans of its reserves to ARE 27 (note: Bancroft's Motion *in Limine* concerning Mr. Patton's opinion where he concludes that this sort of transaction constitutes a

3

"kickback" or self-dealing was granted – doc. no. 229, subpart 4);

(2) Bancroft's write-down of reserves as a result of ARE 27's default on its indebtedness to Bancroft and the decrease in value of the underlying collateral occurred during the height of the real estate market downturn (note: Bancroft's Motion *in Limine* concerning Mr. Patton's opinion that the timing of same was somehow fraudulent, illegal, or improper was granted – doc. no. 229, subpart 4);

(3) Bancroft director Philip Sigel's inappropriate charges of personal expenses to the pooled Premium Lite reserves allocable to certificate holders such as SYJEL (as opposed to Bancroft's shareholder equity or against profit distributions);

(4) Bancroft's acceptance of premiums from certificate holders prior to June 11, 2003 (in spite of Bancroft's own bank statements conclusively proving the opposite); and

(5) Bancroft's involvement in a scheme to "defraud" certificate holders who had initially applied for coverage from Boston Life & Annuity, Ltd. through ABG.

**II. Discussion on Pending Objections to Patton's Deposition Designations**

In light of the Court's Prior Order (doc. no. 229) concerning the deposition designations of John Patton, the Court will now consider Bancroft's currently pending Objections to the Amended Designations from the Deposition of John Patton. Doc. no. 248. The Court notes initially that after Bancroft filed its objections, Defendants withdrew three designations, and thus the Court will overrule those Objections as moot. Doc. no. 261, pp. 3, 9.

Next, Bancroft objected to numerous designations of Mr. Patton's testimony. Twelve (12) of the designations contain an objection by Bancroft wherein Bancroft claims that the testimony proffered by John Patton should be excluded because he provided "improper opinion testimony and legal conclusions in violation of Court's order 229[.]" Those twelve (12)

4

depositions designations were identified as follows:

1. Page 27, line 25; Page 28, lines 4-12;
2. Page 81, line 14, to page 82, line 7; page 82, lines 14-17;
3. Page 84, lines 10-16, 19-24;
4. Page 84, line 25, to page 85, line 11;
5. Page 85, lines 12-13; page 86, line 22, to page 87, line 20; page 87, line 24, to page 88, line 1;
6. Page 88, lines 5-8;
7. Page 99, lines 12-18; page 100, lines 2-13;
8. Page 100, line 24, to page 101, line 2; page 101, lines 5-13, 16-17;
9. Page 101, line 18, to page 102, line 9;
10. Page 110, lines 17-22; page 111, lines 6-9, 13-14; page [1]11, line 20, to page 112, line 15; page 112, line 17, to page 113, line 11;
11. Page 113, line 16, to page 114, line 9; and
12. Page 129, line 11, page 131, line 25.

Upon review of the above-noted designations identified by Bancroft as containing "improper opinion testimony and legal conclusions in violation of Court's order 229[,]" the Court finds that most of the designations that Bancroft labeled as such actually contained no such opinion testimony. Therefore, the Court will sustain Bancroft's Objections only with respect to:

2. Page 81, line 14, to page 82, line 7; page 82, lines 14-17;
7. Page 99, lines 12-18; page 100, lines 2-13;
8. Page 100, line 24, to page 101, line 2; page 101, lines 5-13, 16-17; and
9. Page 102, lines 8 – 9 only.

Bancroft's objections to all other John Patton deposition designations are hereby overruled in accordance with the Court's prior Order entered at doc. no. 229.

**ORDER OF COURT**

AND NOW, this 12th day of December, 2013, upon consideration of Bancroft's Objections to Defendants' Amended Designations from the Deposition of John Patton (doc. no. 248), Defendants' Responses to those Objections (doc. no. 261), and Bancroft's Reply to Defendants' Responses (doc. no. 260), the Court hereby SUSTAINS in part and OVERRULES in part Bancroft's Objections as follows:

The following objections raised by Bancroft to the designations from the deposition of John Patton are SUSTAINED on the basis that the deponent's testimony provides legal opinions/conclusions:

2. Page 81, line 14, to page 82, line 7; page 82, lines 14-17;

7. Page 99, lines 12-18; page 100, lines 2-13;

8. Page 100, line 24, to page 101, line 2; page 101, lines 5-13, 16-17; and

9. Page 102, lines 8 – 9 only.

All remaining objections raised by Bancroft to the designations from the deposition of John Patton are OVERRULED in accordance with the Court's prior Order entered at doc. no. 229.

                                          s/Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc: All counsel of record